UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **Nyia Utsey**, individually and on behalf of all others similarly situated,<br><br>                Plaintiff,<br><br>v.<br><br>**Hitachi Astemo Americas, Inc.**<br><br>                Defendant. | No.<br><br>Judge<br><br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT** |

Plaintiff, Nyia Utsey ("Plaintiff"), individually and on behalf of all other persons similarly situated, sues the Defendant, Hitachi Astemo Americas, Inc. (hereafter referred to as "Hitachi" or "Defendant") and alleges as follows:

## PRELIMINARY STATEMENT

1.  This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* Ohio Minimum Fair Wage Standards Act ("OMWFSA"), O.R.C. 4111.01, *et seq*. and Fed. R. Civ. P. 23 for Defendant's failure to pay Plaintiff and other similarly-situated employees all earned minimum and overtime wages.

2.  Plaintiff, the Collective Members and the Class Members are current and former employees of Defendant.  Plaintiff brings this action on behalf of herself and all similarly-situated current and former non-exempt hourly employees of Defendant.

3.  Under the FLSA and OMWFSA, employers must pay all non-exempt employees an overtime wage premium of pay one and one-half times their regular rates of pay for all time they spend working in excess of 40 hours in a given workweek. Defendant failed to pay Plaintiff, the Collective Members and the Class Members one and one-half times their regular rate of pay for all time they spent working in excess of 40 hours in a given workweek. Plaintiff therefore

brings this Class Action and Collective action Complaint pursuant to Fed. R. Civ. P. 23 and 29 U.S.C. § 216(b) for Defendant's violation of federal and Ohio law as detailed further below.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.* because this civil action arises under the laws of the United States.

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(i) because Defendant is headquartered at 34500 Grand River Avenue, Farmington Hills, Michigan 48335.

6.      At all relevant times, Plaintiff was a resident of Ohio and performed work for Defendant at its manufacturing facility located at 707 W Cherry St, Sunbury, OH 43074.

7.      Defendant regularly conducts business in and has engaged in the wrongful conduct alleged herein – and, thus, is subject to personal jurisdiction in – this judicial district.

8.      Plaintiff, the Collective Members and the Class Members in their work for Defendant were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

## PARTIES

9.      At all times material to the matters alleged in this Complaint, Plaintiff was an employee of Defendant.

10.      Plaintiff was employed by Defendant as a non-exempt hourly manufacturing employee from approximately March 1, 2023 through approximately July 31, 2023.

11.      The Collective Members are all current and former non-exempt hourly employees who worked for Defendant in the United States at any point in the three years preceding the filing of the original Complaint.

12.     The Class Members are all current and non-exempt hourly employees who worked for Defendant in the state of Ohio at any point in the three years preceding the filing of the Complaint.

13.     The Class and Collective Members are non-exempt from the OMFWSA and FLSA overtime requirements.

14.     At all material times, Defendant was a Delaware corporation duly licensed to transact business and headquartered in the State of Michigan.

15.     Under the OMFWSA and FLSA, Defendant is an employer.  At all relevant times, Defendant had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendant.  As a person who acted in the interest of Defendant in relation to the company's employees, Defendant is subject to liability under the OMFWSA and FLSA.

16.     At all material times, Plaintiff and the Class and Collective Members were employees of Defendant as defined by the OMFWSA and FLSA, 29 U.S.C. § 203(e)(1).

17.     At all material times, Plaintiff and the Class and Collective Members were non-exempt employees under 29 U.S.C. § 213(a)(1).

18.     Plaintiff has given her written consent to be named party Plaintiff in this action pursuant to 29 U.S.C. § 216(b), a true and accurate copy of which is also attached to this Complaint as **"Exhibit A."**

## FACTUAL ALLEGATIONS

19.     Defendant manufactures auto-parts within its facilities located throughout the United States.

3

20.     Plaintiff was employed as a non-exempt hourly manufacturing employee from approximately March 1, 2023 through approximately July 31, 2023.

21.     The Collective Members are all current and former non-exempt employees who worked for Defendant at any point in the three years preceding the filing of this Complaint. The Collective Members are non-exempt from the FLSA's minimum wage and overtime requirements.

22.     The Class Members are all current and former non-exempt employees who worked for Defendant in Ohio at any point in the three years preceding the filing of this Complaint. The Class Members are non-exempt from the OMFWSA's overtime requirements.

23.     At all relevant times, Plaintiff was compensated on an hourly basis at a wage rate of approximately $16.50 per hour.

24.     In her work for Defendant, Plaintiff routinely worked in excess of forty hours in a given workweek.

25.     During each and every workweek, Plaintiff, the Class and Collective Members were paid on an hourly basis.

26.     At all relevant times, Plaintiff, the Collective Members and the Class Members were required to attend mandatory pre-shift meetings.

27.     However, Plaintiff, the Collective Members and the Class Members were not permitted to clock-in and were not compensated for these pre-shift meetings.

28.     For example, Plaintiff's shift typically began at 6:30 a.m. However, Plaintiff had to arrive to work at approximately 6:00 a.m. in order to attend the mandatory pre-shift meeting wherein all of the hourly employees were given instruction on that shift's production run as well other company news and bulletins. But, Plaintiff and the other hourly employees were not permitted to clock-in and begin receiving compensation until approximately 6:30.

4

29.     As a result of these unpaid meetings, Plaintiff, the Collective Members and the Class Members routinely worked between two and three hours every week that was not paid whatsoever.

30.     Additionally, Plaintiff, the Collective Members and the Class Members were eligible to earn non-discretionary bonus pay, including but not limited to a sign-on bonus.

31.     However, Defendant failed to include these non-discretionary bonuses in Plaintiff's the Class Members' and the Collective Members' regular rates of pay for the purposes of computing overtime.

32.     For example, Plaintiff was offered a sign-on bonus of $2,000 when she began her employment for Defendant.

33.     This bonus was non-discretionary. Defendant offered to pay-out this bonus at a rate of $200 per month on the condition that Plaintiff remained employed by Defendant.

34.     However, Defendant did not include any of this non-discretionary bonus pay in Plaintiff's regular rate of pay for the purpose of computing overtime.

35.     In light of Defendant's conduct, Plaintiff and Class and Collective Members are owed significant unpaid wages and penalties.

36.     Plaintiff and Class and Collective Members are and were non-exempt employees.

37.     Plaintiff and Class and Collective Members are and were paid on an hourly rate basis.

38.     When they work more than forty (40) hours in a workweek, they are entitled to overtime pay.

39.     As a result of Defendant's company-wide policies, Plaintiff and Class and Collective Members were not paid for all time worked each day and are owed significant unpaid wages.

5

40.     Defendant's method of paying Plaintiff and Class and Collective Members in violation of Ohio law was willful and was not based on a good faith and reasonable belief that their conduct complied with the law. Defendant knew the requirement to pay for all time worked, but intentionally and/or recklessly chose not to do so.

## COLLECTIVE ACTION ALLEGATIONS

41.     Plaintiff and the Collective Members reallege and incorporate by reference all allegations in all preceding paragraphs.

42.     Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) on her own behalf and as a representative of individuals similarly situated who are current or former non-exempt hourly employees employed by Defendant.

43.     Defendant subjected all of their non-exempt hourly employees, including Plaintiff and the Collective Members, to their policy and practice of failing to pay for all hours worked.

44.     Plaintiff's claims stated in this Complaint are essentially the same as those of the Collective Members. This action is properly maintained as a collective action because in all pertinent aspects the employment relationship of individuals similarly situated to Plaintiff is identical or substantially similar.

45.     The Collective Members perform or have performed the same or similar work as Plaintiff.

46.     Defendant's failure to pay minimum wage and overtime compensation required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of Plaintiff or the Collective Members.

47.     Although the exact amount of damages may vary among the Collective Members, the damages for the Collective Members can be easily calculated by a simple formula. The claims

of all Collective Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all of the Collective Members.

48.     As such, Plaintiff brings these FLSA claims as a collective action on behalf of the following class:

> **All of Defendant's current and former non-exempt hourly employees who worked for Defendant at any time from three years preceding the filing of the Complaint to the present.**

49.     Defendant's unlawful conduct, as described herein, is pursuant to Defendant's corporate policy or practice of minimizing labor costs by refusing and/or failing to properly compensate its employees according to the FLSA.

50.     Defendant is aware or should have been aware that federal law prohibited them from not paying Plaintiff and the Collective Members all minimum wage and overtime as detailed herein.

51.     Defendant's unlawful conduct has been widespread, repeated, and consistent.

52.     This action is properly brought and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b).

53.     Upon information and belief, the individuals similarly situated to Plaintiff includes thousands of non-exempt hourly employees currently and/or formerly employed by Defendant. Plaintiff is unable to state the precise number of similarly-situated employees because that information is solely in Defendant's possession, custody, or control, but it can be readily ascertained from their employment records.

54.     Notice can be provided to the Collective Members by First Class Mail to the last address known to Defendant, via email at the last known email address known to Defendant and by text message to the last known telephone number known to Defendant.

## OHIO RULE 23 CLASS DEFINITIONS AND ALLEGATIONS

55. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

56. Plaintiff brings Claims for Relief for violation of Ohio wage and hour laws as a class action pursuant to Rule 23(a), (b)(2), and (b)(3). Plaintiff brings these claims on behalf of herself and all members of the following class comprised of:

> **Rule 23 Class**
>
> **The Class Members are all of Defendant's current and former non-exempt hourly employees who worked for Defendant, within Ohio, at any time from three years preceding the filing of the Complaint to the present.**

> **Numerosity (Rule 23(a)(1)).**

57. The Class Members are so numerous that joinder of all members is impracticable. Plaintiff on information and belief alleges, that Defendant employed greater than one hundred people who satisfy the definition of the Class Members.

> **Existence of Common Questions of Law and Fact (Rule 23(a)(2)).**

58. Common questions of law and fact exist as to the Plaintiff and the Class Members including, but not limited to, the following:

   a. Whether Defendant unlawfully failed to pay the Class Members all overtime wages, in violation of the Ohio Minimum Fair Wage Standards Act ("OMFWSA");

   b. Whether Defendant unlawfully failed to keep and maintain accurate and true records of the hours worked by the Class Members as required by applicable law; and

   c. The damages sustained and the proper measure of restitution recoverable by members of the Class Members.

8

### Typicality (Rule 23(a)(3)).

59.     Plaintiff's claims are typical of the Class Members' claims. Plaintiff, like the Class Members, was subjected to Defendant's illegal scheme to maximize profits by depriving their employees of minimum wage and overtime compensation.

### Adequacy (Rule 23(a)(4)).

60.     Plaintiff will fairly and adequately represent and protect the interests of the Class Members. Plaintiff has retained counsel competent and experienced in complex class actions, the FLSA, and state labor and employment litigation.

### Injunctive and Declaratory Relief (Rule 23(b)(2)).

61.     Class certification of the Rule 23 claims is appropriate pursuant to Rule 23(b)(2) because Defendant acted or refused to act on grounds generally applicable to the Class Members, making appropriate declaratory relief with respect to the Class Members as a whole.

### Predominance and Superiority of Class Action (Rule 23(b)(3)).

62.     Class certification of the Rule 23 claims is also appropriate under Rule 23(b)(3) because questions of law and fact common to the Class Members predominate over any questions affecting only individual members of the class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's common and uniform policies and practices illegally deprived Plaintiff and all similarly situated employees of wages; thus, making the question of liability and damages much more manageable and efficient to resolve in a class action, compared to hundreds of individual trials. The damages suffered by individual Class Members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for

9

unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

63.     Plaintiff intends to send notice to all Class Members to the extent required by Rule 23.

**COUNT ONE: FAIR LABOR STANDARDS ACT**
**(on behalf of Plaintiff and the Collective Members)**

64.     Plaintiff and the Collective Members reallege and incorporate by reference all allegations in all preceding paragraphs.

65.     Defendant has a consistent enterprise-wide policy of requiring Plaintiff and the Collective Members to perform work while off the clock and failing and/or refusing to compensate Plaintiff the Collective Members at one and one-half times their regular hourly rate for all the time they worked in excess of forty (40) hours.

66.     Under the FLSA, employers must pay all non-exempt employees an overtime wage premium of pay one and one-half times their regular rate of pay for all time they spend working in excess of 40 hours in a given workweek. For the purposes of computing the lawful overtime rate, an employee's regular rate of pay must include all non-discretionary bonus payments. *See* 29 C.F.R. 778.208-215. Defendant violated the FLSA by paying Plaintiff and the Collective Members non-discretionary bonuses but failing to include it in their regular rates of pay for the purpose of computing overtime.

67.     At all relevant times, Plaintiff was compensated on an hourly basis at a wage rate of approximately $16.50 per hour.

68.     At all relevant times, the Collective Members were classified as non-exempt from the FLSA's overtime requirements and paid on an hourly basis.

10

69.     In their work for Defendant, Plaintiff and the Collective Members routinely worked in excess of forty hours in a given workweek.

70.     During each and every workweek, Plaintiff and the Collective Members were paid on an hourly basis.

71.     At all relevant times, Plaintiff and the Collective Members were required to attend mandatory pre-shift meetings.

72.     However, Plaintiff and the Collective Members were not permitted to clock-in and were not compensated for these pre-shift meetings.

73.     For example, Plaintiff's shift typically began at 6:30 a.m. However, Plaintiff had to arrive to work at approximately 6:00 a.m. in order to attend the mandatory pre-shift meeting wherein all of the hourly employees were given instruction on that shift's production run as well other company news and bulletins. But, Plaintiff and the other hourly employees were not permitted to clock-in and begin receiving compensation until approximately 6:30.

74.     As a result of these unpaid meetings, Plaintiff and the Collective Members routinely worked between two and three hours every week that was not paid whatsoever.

75.     Additionally, Plaintiff and the Collective Members were eligible to earn non-discretionary bonus pay, including but not limited to a sign-on bonus.

76.     However, Defendant failed to include these non-discretionary bonuses in Plaintiff's and the Collective Members' regular rates of pay for the purposes of computing overtime.

77.     For example, Plaintiff was offered a sign-on bonus of $2,000 when she began her employment for Defendant.

78.     This bonus was non-discretionary. Defendant offered to pay-out this bonus at a

11

rate of $200 per month on the condition that Plaintiff remained employed by Defendant.

79.      However, Defendant did not include any of this non-discretionary bonus pay in Plaintiff's regular rate of pay for the purpose of computing overtime.

80.      Although at this stage, Plaintiff and the Collective Members are unable to state the exact amount owed for all time worked during the course of their employment, Plaintiff and the Collective Members believe that such information will become available during the course of discovery. Furthermore, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

81.      Defendant knew that – or acted with reckless disregard as to whether – its refusal or failure to properly compensate Plaintiff and the Collective Members over the course of their employment would violate the FLSA, and Defendant was aware of the overtime requirements. As such, Defendant's conduct constitutes a willful violation of the FLSA.

82.      As a result of Defendant's failure or refusal to pay Plaintiff and the Collective Members for all hours worked, and Defendant's failure or refusal to pay Plaintiff and the Collective Members one-and-one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in any given workweek, Defendant violated 29 U.S.C. § 207(a). Plaintiff and the Collective Members are therefore entitled to compensation of one and one-half times their regular rate of pay, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

## COUNT TWO: OHIO MINIMUM FAIR WAGE STANDARDS ACT
### (on behalf of Plaintiff and the Class Members)

83.      Plaintiff and the Class Members reallege and incorporate by reference all allegations in all preceding paragraphs.

12

84.     "FLSA and Ohio Minimum Fair Wage Standards Act claims are subject to [the] same standards." *Craig v. Landry's, Inc.*, No. 1:16-CV-277, 2016 WL 3406032, at \*3 (S.D. Ohio June 21, 2016) (citing *Haight*; *Mitchell v. Abercrombie & Fitch, Co.*, 428 F. Supp.2d 725, 732 (S.D. Ohio 2006); *Pritchard v. Dent Wizard Int'l. Corp.*, 210 F.R.D. 591, 596 (S.D. Ohio 2002)).

85.     Defendant has a consistent enterprise-wide policy of requiring Plaintiff and the Class Members to perform work while off the clock and failing and/or refusing to compensate Plaintiff the Class Members at one and one-half times their regular hourly rate for all the time they worked in excess of forty (40) hours.

86.     Under the OMFWSA, employers must pay all non-exempt employees an overtime wage premium of pay one and one-half times their regular rate of pay for all time they spend working in excess of 40 hours in a given workweek. For the purposes of computing the lawful overtime rate, an employee's regular rate of pay must include all non-discretionary bonus payments. Defendant violated the OMFWSA by paying Plaintiff and the Class Members non-discretionary bonuses but failing to include it in their regular rates of pay for the purpose of computing overtime.

87.     At all relevant times, the Class Members were classified as non-exempt from the OMFWSA's overtime requirements and paid on an hourly basis.

88.     In their work for Defendant, Plaintiff and the Class Members routinely worked in excess of forty hours in a given workweek.

89.     During each and every workweek, Plaintiff and the Class Members were paid on an hourly basis.

90.     At all relevant times, Plaintiff and the Class Members were required to attend mandatory pre-shift meetings.

13

91.     However, Plaintiff and the Class Members were not permitted to clock-in and were not compensated for these pre-shift meetings.

92.     For example, Plaintiff's shift typically began at 6:30 a.m. However, Plaintiff had to arrive to work at approximately 6:00 a.m. in order to attend the mandatory pre-shift meeting wherein all of the hourly employees were given instruction on that shift's production run as well other company news and bulletins. But, Plaintiff and the other hourly employees were not permitted to clock-in and begin receiving compensation until approximately 6:30.

93.     As a result of these unpaid meetings, Plaintiff and the Class Members routinely worked between two and three hours every week that was not paid whatsoever.

94.     Additionally, Plaintiff and the Class Members were eligible to earn non-discretionary bonus pay, including but not limited to a sign-on bonus.

95.     However, Defendant failed to include these non-discretionary bonuses in Plaintiff's and the Class Members' regular rates of pay for the purposes of computing overtime.

96.     For example, Plaintiff was offered a sign-on bonus of $2,000 when she began her employment for Defendant.

97.     This bonus was non-discretionary. Defendant offered to pay-out this bonus at a rate of $200 per month on the condition that Plaintiff remained employed by Defendant.

98.     However, Defendant did not include any of this non-discretionary bonus pay in Plaintiff's regular rate of pay for the purpose of computing overtime.

99.     Although at this stage, Plaintiff and the Class Members are unable to state the exact amount owed for all time worked during the course of their employment, Plaintiff and the Class Members believe that such information will become available during the course of discovery. Furthermore, when an employer fails to keep complete and accurate time records, employees may

14

establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

100.    As a result of Defendant's failure or refusal to pay Plaintiff and the Class Members all overtime due under Ohio law, Plaintiff and the Class Members are entitled to compensation for all such unpaid wages, to be proven at trial, plus treble damages and interest, reasonable attorney's fees, and costs.

**COUNT THREE: OHIO PROMPT PAY ACT**
**(on behalf of Plaintiff and the Class Members)**

101.    Plaintiff and the Class Members reallege and incorporate by reference all allegations in all preceding paragraphs.

102.    During all relevant times, Defendant was covered by O.R.C. § 4113.15, and Plaintiff and the Class Members were employees within the meaning of O.R.C. § 4113.15 and were not exempt from its protections.

103.    O.R.C. § 4113.15(A) requires that Defendant pay Plaintiff and the Class Members all wages on or before the first day of each month, for wages earned during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned during the last half of the preceding calendar month.

104.    Section 4111.10(C) specifically states that it applies to employees seeking to "join as a party plaintiff in any civil action that is brought under this section." "Because § 4111.10(C) states it applies only to 'this section,' i.e., civil actions brought under the OMFWSA, it does not apply to Ohio's Prompt Pay Act." *Oglesby v. FedEx Ground Package Systems, Inc.*, Case No. 3:20-cv-00346 at Doc. #78, pp. 11-12 (S.D. Ohio, March 23, 2023).

105.    By failing to pay Plaintiff and the Class Members all wages due to them under the FLSA, Defendant has also violated the Ohio Prompt Pay Act.

15

106.    Plaintiff and the Class Members' unpaid wages have remained unpaid for more than thirty (30) days beyond their regularly scheduled payday.

107.    In violating Ohio law, Defendant acted willfully, without a good faith basis and with reckless disregard to Ohio law.

108.    As a result of Defendant's willful violation, Plaintiff and Class Members are entitled to unpaid wages and liquidated damages, as stated in O.R.C. § 4113.15.

**COUNT FOUR: O.R.C. § 2307.60**
**(On Behalf of Plaintiff and the Class Members)**

109.    Plaintiff restates and incorporate the foregoing allegations as if fully rewritten herein.

110.    The Fair Labor Standards Act, 29 U.S.C. § 216(a), imposes criminal penalties for willful violations of the FLSA.

111.    By their acts and omissions described herein, Defendant has willfully violated the FLSA, and Plaintiff and the Class Members have been injured as a result.

112.    O.R.C. § 2307.60 permits anyone injured in person or property by a criminal act to recover damages in a civil action, including exemplary and punitive damages.

113.    Section 4111.10(C) specifically states that it applies to employees seeking to "join as a party plaintiff in any civil action that is brought under this section." "Because § 4111.10(C) states it applies only to 'this section,' i.e., civil actions brought under the OMFWSA, it does not apply to [O.R.C. § 2307.60]." *See Oglesby v. FedEx Ground Package Systems, Inc.*, Case No. 3:20-cv-00346 at Doc. #78, pp. 11-12, 16 (S.D. Ohio, March 23, 2023).

114.    As a result of Defendant's willful violations of the FLSA, Plaintiff and the Class Members are entitled to compensatory and punitive damages pursuant to O.R.C. § 2307.60.

WHEREFORE, Plaintiff, Nyia Usey, individually, and on behalf of all other similarly situated persons, requests that this Court grant the following relief in Plaintiff's, the Collective Members' and the Class Members' favor, and against Defendant:

A.   For the Court to declare and find Defendant committed one or more of the following acts:

    i.   violated the overtime provisions of the FLSA;

    ii.   willfully violated the and overtime provisions of the FLSA;

    iii.   violated the overtime provisions of the OMFWSA; and

    iv.   willfully violated the overtime provisions of the OMFWSA;

    v.   violated the Ohio Prompt Pay Act;

    vi.   willfully violated the Ohio Prompt Pay Act; and

    vii.   violated O.R.C. § 2307.60

B.   For the Court to award damages in the amounts of all unpaid overtime wages due and owing to Plaintiff, the Collective Members and the Class Members;

C.   For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), in amounts to be determined at trial;

D.   For the Court to award prejudgment and post-judgment interest on any damages awarded;

E.   For the Court to award all punitive damages, treble damages, interest attorney fees and costs owed to Plaintiff and the Class Members Ohio law;

F.   For the Court to award Plaintiff's and the Collective Members' reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth in this Complaint;

17

G.    For the Court to provide a reasonable incentive award for Plaintiff to compensate her for the time he spent attempting to recover wages for the Collective Members and for the risks she took in doing so; and

H.    Such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, the Collective Members and the Class Members hereby demand a jury trial on all causes of action and claims with respect to which they each have a state and/or federal constitutional right to a jury trial.

DATED:  January 22, 2025

Respectfully submitted,

By: /s/ *James L. Simon*
James L. Simon (OH#0089483)
SIMON LAW CO.
11 ½ N. Franklin Street
Chagrin Falls, Ohio 44023
Telephone: (216) 816-8696
Email: james@simonsayspay.com